SMITH v. SMITH.

(Supreme Court, Appellate Term.  June 25, 1900.)

EVIDENCE—OPINION OF WITNESS—VALUE.

 It is error to permit a witness to testify to the value of chattels, where there is no evidence as to the chattels or their character or quantity, though the witness is personally acquainted with such facts.

Appeal from city court of New York, general term.

Action by Mary Smith against Michael Smith to recover damages occasioned by a forced sale of a stock of goods, which damages defendant agreed to pay, and for certain services rendered by plaintiff. From a judgment of the general term of the city court (60 N. Y. Supp. 1000) affirming a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Man & Man (Henry H. Man, of counsel), for appellant.

Denis A. Spellissy, for respondent.

PER CURIAM. We cannot reconcile ourselves to the rulings of the court or the findings of the jury respecting the question of damages in this case. While the plaintiff was perhaps qualified to testify as to value, it was necessary to offer evidence touching the description, character, and quantity of the chattels. All of this was susceptible of proof, as it appears that the plaintiff made an inventory of the contents of the store immediately before the sale. Teerpenning v. Insurance Co., 43 N. Y. 281. Nowhere in the case is there a specification of the goods. We think, therefore, it was prejudicial error to receive evidence of value, without the requisite facts to support it. Apart from this error, there is no evidence in the case to justify as large a verdict as was given by the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.